CORRECTED

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-0778V
UNPUBLISHED

|  |  |
|---|---|
| SHARON DANBERRY, | Chief Special Master Corcoran |
| Petitioner, | Filed: September 28, 2020 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Pre-Assignment Review (PAR); Decision on Motion to Dismiss; Uncovered Vaccines; Pneumovax-23 (PCV23) Vaccine; Shingles Vaccine |
| Respondent. | |

*Randall G. Knutson, Knutson & Casey Law Firm, Mankato, MN,* for Petitioner.

*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION[1]

On June 26, 2020, Sharon Danberry filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered an adverse drug reaction, cellulitis, and soft tissue necrosis which were caused by the Pneumovax-23 (PCV23) and Shingrix (RZV) vaccinations she received on November 4, 2019. Petition at 1.

On September 8, 2020, Petitioner filed a motion for a decision dismissing her petition. (ECF No. 10). For the reasons set forth below, Petitioner's motion is **GRANTED**, and this claim is hereby **DISMISSED**.

Ms. Danberry filed her petition on June 26, 2020. (ECF No. 1). She filed medical records and a Statement of Completion on July 9, 2020. *See* Exhibits 1-5 (ECF Nos. 6-8). After a review of the petition and medical records filed in this case, I issued an Order

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

to Show Cause why this case should not be dismissed as the vaccines alleged to have caused the injury are not covered by the Vaccine Program. (ECF No. 9).

On September 8, 2020, Petitioner filed a motion for a decision dismissing her petition stating that "[a]n investigation of the facts and science supporting her case has demonstrated that [she] will not be able to prove that she is entitled to compensation in the Vaccine Program." (ECF No. 10). Petitioner states that it would be unreasonable to proceed and that she understands that a decision dismissing her petition will result in a judgment against her. *Id*. Petitioner further indicated that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her. She has been advised that such a judgment will end her rights in the Vaccine Program." *Id*. at 2.

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she received a vaccine set forth in the Vaccine Injury Table (the "Table"). See §11(c)(1)(A). Compensation is awarded only to individuals "who have been injured by vaccines routinely administered to children." H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3.

"There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccine[s]." *Bundy v. Sec'y of Health & Human Servs.*, No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014). Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program. *See Morrison v. Sec'y of Health & Human Servs.*, No. 04-1683, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table).

Likewise, the shingles vaccine, Shingrix, does not appear in the Table and is therefore not covered by the Vaccine Program. Previous petitions seeking compensation for injury resulting from the shingles vaccine have been dismissed. *See*, *e.g., Scanlon v. Sec'y of Health & Human Servs.*, No. 13-219V, 2013 WL 5755061 (Fed. Cl. Spec. Mstr. Sept. 27, 2013), *aff'd*, 114 Fed. Cl. 135 (2013); *Nilsen v. Sec'y of Health & Human Servs/*, No. 10-110V, 2010 WL 1753471 (Fed. Cl. Spec. Mstr. Apr. 6, 2010); *Doe/44 v. Sec'y of Health & Human Servs.*, No. [redacted]V, 2009 WL 3124758 (Fed. Cl. Spec. Mstr. Sept. 25, 2009); *Doe/47 v. Sec'y of Health & Human Servs.*, No. [redacted]V, 2009 WL 3416368 (Fed. Cl. Spec. Mstr. Sept. 10, 2009).

Petitioner received a pneumococcal polysaccharide and shingles vaccine. As such, Petitioner is unable to show that she "received a vaccine set forth in the Vaccine Injury Table." §11(c)(1)(A). Thus, Petitioner cannot receive compensation on a claim based on a non-covered vaccine through the Vaccine Program, and the petition must be dismissed. *See, e.g.*, *Cielencki v. HHS*, No. 15-632V, 2015 WL 10767150, at *3 (Fed. Cl. Spec. Mstr. Dec. 22, 2015).

Petitioner has failed to demonstrate that she was injured by a vaccine covered under the Vaccine Program. **This case is dismissed for failure to state a claim upon which relief can be granted. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."